# Holleman *v.* De Nyse.

*Statutory Real Action in Nature of Ejectment.*

1. *Conveyance by husband, during coverture, to wife and children.* — Under the statutes of this State, securing and regulating the separate estates of married women (Rev. Code, §§ 2370–88), the husband may lawfully convey property, by deed of gift, to the wife directly, or to her and her children; and he may incorporate in such deed a provision in these words: "But I, the said E. C. H., may still remain as agent or guardian for said parties, not claiming any interest or part of said property, or any increase therefrom, only by consent of my said wife, who I constitute as legal guardian of her own children, until I appoint another, or she sees proper to choose another for herself or the children, and allowing her the entire privilege of making sale of each and all said property, whenever she may see proper to do so, and appropriate the same for the general good of the children and herself as a family."

2. *Conveyance by wife, under power in deed.* — Where the wife holds property under a deed of gift from her husband, by which it is conveyed to her and her children jointly, with a power to her, as guardian or trustee, to "make sale of such and all said property, whenever she may see proper to do so, and appropriate the same for the general good of the children and herself as a family;" a deed executed by her, and acknowledged before a proper officer, and to which the husband's name is also signed, though he is not named in the deed as a party, is sufficient to pass the title to the property.

3. *Acknowledgment of deed; presumption in favor of official acts.* — When a certificate of the acknowledgment of a deed purports to have been made in Barbour county, Alabama, on the 9th of January, 1864, before "Jack Hardeman, J. P.," and no proof is adduced as to his official character, the court will presume, not that he was an officer of the rebel government then existing, but that he was elected before the war, and held over.

4. *Presumption in favor of rulings of primary court, excluding evidence.* — When evidence is rejected by the primary court, and the record does not show what the rejected evidence was, this court will presume that it was properly rejected; and when a witness, who might or might not be competent, is excluded, but the reason of his exclusion is not shown, a similar presumption will be indulged.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. J. McCALEB WILEY.

This action was brought by Mrs. Samantha C. Holleman and her children, against N. H. De Nyse, to recover certain town lots in Eufaula; and was commenced on the 15th March, 1870. The complaint alleged, that Mrs. Holleman's "interest in said lands constitutes a portion of the *corpus* of her separate estate, created by law under the act of the legislature called the 'woman's law' of 1850," and that she and her children were joint tenants, or tenants in common. The cause was tried on issue joined on the plea of not guilty. On the trial, as the bill of exceptions shows, the plaintiffs read in evidence a deed of which the following is a copy: —

"State of Alabama, Barbour county. This indenture, made

and entered into this first day of January, one thousand eight hundred and fifty-seven, between Eley C. Holleman, of the one part, and Samantha, my wife, of the other part, witnesseth, that the aforesaid Eley C. Holleman, for the love and affection which I *beareth* and have to the aforesaid Samantha C. Holleman and her children, to wit, Amanda, Elizabeth, and Marietta, now living, or any other that the said Samantha may have by me hereafter in due course of legal common sense, and in consideration of the sum of one dollar to me in hand paid by the said Samantha, my wife, before the sealing and delivery hereof, the receipt [whereof] is hereby acknowledged, have given, granted, aliened, and enfeoff [ed], and confirm [ed], and by these presents do give, grant, aliene, enfeoff, and confirm, unto the said parties aforesaid, their heirs, and assigns, all the following property, to wit," the lands here sued for, with other property, real and personal; "to have and to hold the aforesaid property and premises to their only use and behoof forever, and all and singular the rents, rights, moneys, or any income that may arise from said property in any manner whatsoever. But I, the said E. C. Holleman, may still remain as agent or guardian for said parties, not claiming any interest or part of said property, or any income therefrom, only by consent of my said wife, Samantha C. Holleman, *wh* I constitute as legal guardian of her own children, until I appoint another, or she sees proper to choose another for herself or the children, and allowing her the entire privilege of making sale of each and all of said property, whenever she may see proper to do so, and appropriate the same for the general good of the children and herself as a family. Signed, sealed, and delivered in presence of." (This deed was signed by said E. C. Holleman, but was not attested by any witnesses, and was acknowledged, in proper form, before the probate judge of said county, on the 3d June, 1857.)

The defendant offered in evidence, as the title under which he claimed, a deed for the premises to Eliza J. Godwin (afterwards his wife), who died after the commencement of the suit; which deed, with the attached certificate, was in the following words: —

"State of Alabama, Barbour county. Know all men by these presents, that I, Samantha C. Holleman, for and in consideration of the sum of five thousand dollars to me in hand paid by Eliza J. Godwin, the receipt whereof is hereby acknowledged, do hereby give, grant, bargain, and sell, unto Eliza J. Godwin the following property, to wit," the premises here sued for; "to have and to hold the aforesaid premises unto the said Eliza J. Godwin, her heirs, and assigns, forever. And I also covenant with the aforesaid Eliza J. Godwin, her

[Holleman v. De Nyse.]

heirs, and assigns, that I am lawfully seized in fee of the aforesaid premises; that they are free from all incumbrances; that I have a good right to sell and convey the same to the said E. J. Godwin, her heirs, and assigns, and that I will warrant and defend the said premises against the lawful claims of all persons. In witness whereof, I hereunto set my hand and seal, this, the 4th day of January, 1864.

"SAMANTHA C. HOLLEMAN. [L. S.]
"ELEY C. HOLLEMAN, Trustee. [L. S.]"

"State of Alabama, Barbour county. I, Jack Hardeman, J. P., hereby certify, that Samantha C. Holleman and Eley C. Holleman, trustee, whose names are signed to the foregoing conveyance, and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, she executed the same voluntarily on the day the same bears date. Given under my hand, this 9th day of January, 1864. JACK HARDEMAN, J. P."

"Plaintiffs objected to said evidence, as illegal, incompetent, and irrelevant; but the court overruled the objection, and permitted defendant to read said deed to the jury; and the plaintiffs excepted. The defendant having closed, the plaintiffs offered to read to the jury, in rebuttal, the deposition of Samantha C. Holleman; to which the defendant objected, as illegal, irrelevant, and incompetent, and the court sustained the objection; to which the plaintiffs excepted. The plaintiffs then offered to read in evidence the deposition of Mrs. Frances Starke; to which the defendant objected, as illegal, irrelevant, and incompetent; which objection the court sustained, and the plaintiffs excepted. The plaintiffs then offered to introduce said Eley C. Holleman as a witness, and to prove by him that said Samantha C. Holleman did not execute the said deed voluntarily, but signed and executed it by over-persuasion and undue marital influence on his part; and also to prove all the facts and circumstances connected with the selling of the property and the execution of said conveyance. The defendant objected to the introduction of said Holleman as a witness for the plaintiffs, and the court sustained said objection, and refused to allow said Holleman to be sworn or examined as a witness by plaintiffs for any purpose; whereupon the plaintiffs excepted.

"This being all the evidence in the case," the plaintiffs asked the court, in writing, to charge the jury: "1. If the jury believe the evidence, they must find a verdict in favor of the plaintiffs for the land sued for. 2. If the jury believe the evidence, they must find a verdict in favor of Samantha

C. Holleman, William E. Holleman, and Henry C. Holleman, for three fourths' interest in the property sued for." The court refused each of these charges, and instructed the jury, at the request of the defendant, that they must find for him if they believed the evidence. To this charge, as well as to the refusal of the charges asked, the plaintiffs excepted; and they now assign as error these and the other rulings of the court to which, as above stated, they reserved exceptions.

D. M. SEALS, for the appellants.

SHORTER & BROTHER and J. M. McKLEROY, contra.

PETERS, C. J. — Whether the judgment of the court below can be sustained, depends upon the validity of the title under which the defendant claims. This is a conveyance from Mrs. Holleman and her husband, dated on the 4th day of January, 1864, executed in the county of Barbour, in this State, to Mrs. Godwin, who afterwards became the wife of the defendant, De Nyse. This instrument is in writing, and is signed at the foot by Mrs. Holleman herself, and is made in her name as the vendor; and it is also signed by her husband, in these words, " Eley C. Holleman, trustee." Beside this signature, the husband is not known in the deed; and the consideration, which was $5,000, was paid to Mrs. Holleman, and the deed contains full warranty of title; and under it Mrs. Godwin took possession of the land therein intended to be conveyed. This is the possession under which her husband, De Nyse, claims. The conveyance to Mrs. Godwin is not attested by any witness; but it purports to have been acknowledged in proper form, by the makers, before " Jack Hardeman, J. P.," on the 9th day of January, 1864, in " Barbour county " in " the State of Alabama." The title conveyed by Mrs. Holleman and her husband " trustee " to Mrs. Godwin, as above shown, arose in this way: On the 1st day of January, 1857, Holleman, by an instrument in writing called an " Indenture," " made and entered into " between himself and his wife, in Barbour county in this State, upon consideration of one dollar paid by her to him, and " for the love and affection " of the husband to the wife and her children, who are named in the deed, conveyed to the wife and children certain lands and other property named in the instrument, " to have and to hold " " to their only use and behoof forever." This conveyance is made with this provision: " But I, the aforesaid E. C. Holleman, may still remain as agent or guardian for said parties, not claiming any interest or part of said property, or any increase therefrom, only by consent of my wife, Samantha C. Holleman,

[Holleman *v.* De Nyse.]

who I constitute as legal guardian of her own children, until I appoint another, or she sees proper to choose another for herself or the children, and *allowing her the entire privilege of making sale of such, and all said property, whenever she may see proper to do so, and appropriate the same for the general good of the children and herself as a family.*" These deeds were all the evidence before the jury; and the court charged, if they believed the evidence, they must find a verdict for the defendant. This charge was objected to by the plaintiffs, and the contrary charge asked by them was refused, and the plaintiffs again excepted. There were some other exceptions reserved to the rulings of the court below, but they are not deemed material to settle the main question in the cause, which is that above suggested.

1. First, then, as to Mrs. Holleman's title, and her power to convey that title to Mrs. Godwin. This depends upon the deed of her husband, above cited, and her capacity under it. No other authority is shown. At common law, the wife could not acquire title to land by conveyance to her directly, without intervention of a trustee, from her husband during coverture, so as to enable her to sue in ejectment for the recovery of the possession. Under that system, by her marriage, she became so thoroughly merged in the husband, that the two were regarded but one person. *Vir et uxor sunt quasi unica persona, quia caro . una et sanguis unus.*" 1 Co. 112 *b.* For this reason, the husband cannot, by any conveyance, at common law, limit an estate to his wife. Co. Litt. 112 *a*, 189 *a;* 2 Bla. Com. 387; Clancy's Rights of Women, pp. 1, 2. But, with us this system has been greatly modified by our statute law. The Code invests the wife, without clothing her with all the powers of a *feme sole*, with the capacity to become entitled to property in her own right, and for her sole and separate use. Rev. Code, §§ 2372, 2382, 2388. Her capacity to acquire property, thus given, is only limited by a single restriction. The " husband and wife cannot contract with each other for the sale of any property." Rev. Code, § 2374. Beyond the limit of this restriction, her power is as broad as that of the husband himself. The husband may settle his property on his wife, or he may give it to her; but he cannot sell it to her, except as a means of paying a debt which he owes her. *Goree* v. *Walthall*, 44 Ala. 161; *Barclay* v. *Plant*, at January term, 1874; *Becton* v. *Selleck*, at June term, 1872; *Wise* v. *Norton*, June term, 1872. One of the great rights that follows ownership is the right to possession and to use; another is the right of disposition, to the extent and in the manner provided by law. 8 Wheat. 242; 7 Ala. 619; 21 Ala. 590, 608; 2 Kent Com. 326, 327; *Crawford* v. *Kirksey*, at June term, 1872. Here, the

[Holleman *v.* De Nyse.]

purpose of the conveyance is evidently a gift to the wife and the children. 2 Ala. 152. The consideration is merely nominal. And title to the land could not have been passed without the written contract. Rev. Code, § 1534. The husband, in parting with his title, can, as any other owner may, impose conditions under which it may be held, if the person to whom it is transferred chooses to receive it in that way, if these conditions are not forbidden by law. Here the condition was, that the wife and children mentioned in the conveyance owned the property conveyed, subject to the wife's power to sell at her option, and pass the title to the purchaser. Here the wife and children could certainly receive title from the husband; and if he chose to annex a condition to the title thus created, that the wife might sell again, I know no law, under our system, which would forbid her to do so. She had a right to sell her own interest in the property conveyed, with the concurrence of her husband. Rev. Code, § 2373. And she could sell that of her children, under the power in her husband's deed. This would have passed the title out of her, and also out of the children. In either of these events, this action would be defeated.

2. The complaint sets up a joint title in all the plaintiffs. This is sufficient under our statute. Rev. Code, § 2611. And the action is governed by the general rule, that the evidence must show that all are entitled to recover, or the suit must fail. 14 Ala. 511, 514; 1 Chit. Pl. 13, 14; 1 Greenl. Ev. §§ 56 *et seq.* Then the only inquiry left in this branch of the case is, Was Mrs. Holleman's deed to Mrs. Godwin sufficiently executed to pass the title out of the vendor to the vendee? I think we must hold that it was. The deed, on the face of it, is all proper and regular. It has no subscribing witness to the signatures of Mrs. Holleman and her husband; but it has a formal acknowledgment. This, if it is not vicious, is enough to supply the deficiency of the attesting witness, demanded by the statute. Rev. Code, §§ 1535, 1536, 1548.

3. But is this acknowledgment bad? The certificate of the officer taking it, which is *primâ facie* conclusive, is sufficiently formal. Rev. Code, §§ 1548, 1550, 1536. There is no evidence that he was not what he represents himself to be, — a justice of the peace in Barbour county in the State of Alabama. It is insisted that the court is bound to take notice that he was an officer of the rebel government then existing in this State. He does not so represent himself, nor is there any proof that this was his real character. Then this is rebutted by another presumption. The law directs that, " Within the limits of every election precinct are two justices of the peace, elected as hereinbefore prescribed, who hold office for three years, and

[Collins v. Ewing.]

until their successors are appointed." Rev. Code, § 838. Then it is not impossible that the justice in this case held over under a former legal appointment; and as the court must reach its conclusion by a presumption, it will presume in favor of " right and justice," that he did so hold over. 12 Wheat. 64, 70. " Law favoreth justice and right." Wingate's Mx. 141. Then the deed to Mrs. Godwin was sufficiently executed, and upon a valid consideration. As such, it was sufficient to pass the title out of the plaintiffs. They were, therefore, not entitled to recover. There was then no error in the charge of the court, now complained of, which asserted this proposition.

4. The other objections to the rulings of the court below do not seem to be sufficiently well supported by the allegations of the record. The record does not show what the rejected evidence was. This should appear before the court can be put in error. Mrs. Holleman's evidence, which the plaintiffs sought to introduce, did not show that Mrs. Godwin practised any fraud upon her to induce her to sell the land mentioned in her deed of January, 1864. Mrs. Godwin, then, was an innocent purchaser for valuable consideration, which was paid at the execution of the deed, and received by Mrs. Holleman. This consideration should be returned before Mrs. Holleman could be allowed to repudiate her deed. 2 Story's Eq. §§ 696, 707. The attempt to introduce such evidence in this case was properly rejected.

Holleman might have been a competent witness, or he might not have been admissible. As the record is silent as to the cause of his rejection, it will be presumed in favor of the ruling of the court that there was a sufficient reason for it. The bill of exceptions should have shown error, else it will not be presumed. *Griffin* v. *Bland*, 44 Ala. 542. Upon the case made in the record, the judgment of the court below ought to be affirmed.                    The judgment is affirmed.