# Jinwright *et al.* v. Nelson.

*Statutory Action of Ejectment.*

1. *Deeds; execution by corporation.*—The statutory provisions regulating the manner in which deeds of conveyances shall be executed,

[Jinwright *et al.* v. Nelson.]

and the mode in which they may be acknowledged, or probate of the fact of execution is to be made and as to the making of a certificate thereof, (Code, §§ 1789, 1798–1804), are applicable to and embrace conveyances by corporations.

2. *Same; same.*—Where to a deed by a corporation the corporate seal is affixed, and the testimonial clause recites that the company caused its corporate seal to be attached by its agents "duly authorized and empowered so to do," and the name of the corporation is signed as by its president and secretary, whose individual signatures as such officers follow the corporate name, such deed is properly executed; and upon proof of the signatures of such officers, it is presumed they had the authority they exercised, and the seal itself is *prima facie* evidence that it was affixed by proper authority.

3. *Deed as evidence; acknowledgment by foreign corporation, and certificate thereof.*—Where a deed executed by a foreign corporation recites in its testimonial clause that the company had caused its signature and corporate seal to be attached by its agents "duly authorized and empowered to so do," and the name of the corporation is signed as grantor by the president and secretary, who subscribed their respective names and affixed the corporate seal and acknowledged the execution of the instrument before a United States Consul, whose certificate of their acknowledgment was in substantial conformity to the form prescribed by the statute, and the deed was recorded within 12 months from its date of execution, such deed is, under the provisions of the statute, (Code, § 1798), admissible in evidence without further proof.

4. *Alienation of homestead; conclusiveness of officer's certificate.*—Where a mortgage or other alienation of the homestead is signed by the wife in the presence of an officer authorized to take acknowledgments, with the knowledge on her part that her signature in his presence was essential to give the instrument validity, although ignorant of his official character, the certificate of acknowledgment, in legal form, by such officer, attached to said instrument is, in the absence of fraud or duress, conclusive of every fact appearing on its face, and can not be impeached by parol evidence.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN R. TYSON.

This was a statutory real action in the nature of ejectment, and was brought by the appellee, R. M. Nelson, against the appellants, J. M. Jinwright and others, to recover the possession of certain lands specifically described in the complaint.

Upon the trial of the case, it was shown that the plaintiff rested his claim to the land sued for upon a deed, which was executed to him by The Scottish American Mortgage Company, Limited, and the Loan Com-

[Jinwright *et al.* v. Nelson.]

pany of Alabama, conveying this property, which the plaintiff bought at a foreclosure sale under a mortgage executed by J. M. Jinwright and wife to the grantors in said deed, which mortgage conveyed the land in controversy. The defendants objected to the introduction in evidence of the said deed and the certificate of acknowledgment attached thereto, and duly excepted to the court's overruling their objection. The facts in reference to this ruling are sufficiently stated in the opinion. The plaintiff also introduced in evidence, against the objection and exception of the defendants, the mortgages executed by J. M. Jinwright and his wife, Christiana P. Jinwright, to The Scottish American Mortgage Company, Limited, and the Loan Company of Alabama, respectively. To these mortgages there were certificates of the separate acknowledgment of Christiana P. Jinwright, which were in due form and signed by J. D. Gafford, a notary public.

The defendant, J. M. Jinwright, testified that at the time of the execution of the mortgage, which conveyed the land sued for in this action, he was a married man, living with his wife on the 160 acres conveyed by said mortgage, which was occupied by them, at the time of the execution of said mortgage, as a homestead. In reference to the execution of the mortgage by his wife, Christiana P. Jinwright, J. M. Jinwright, her husband, testified that Mr. Gafford, a notary public, came to his house for the purpose of fixing up the mortgage; that after his arrival witness's wife came into the room, and witness asked her to sign the mortgage. She refused to do so, witness urged and persuaded her to sign it, and finally she said she would sign it, if he would give her fifty dollars of the money, and that she would not do it otherwise, which he agreed to do; and she then signed it in the presence of the officer and left the room. Nothing more was said about the signing of the mortgage. Gafford never spoke to her after the mortgage was signed in his presence, and after the agreement with her husband that he would give her $50 of the money, and she said nothing to him. This conversation, however, was had in the presence of Gafford, but he, Gafford, took no part in it. Gafford did not tell her he was an officer. Gafford did not examine her in any manner with reference to her signing the mortgage. The plaintiff sepa-

26

[Jinwright *et al.* v. Nelson.]

rately and severally excepted to each portion of this
testimony of the witness, J. M. Jinwright, and moved
the court to exclude the same.  The court granted this
motion, and to such ruling the defendants separately ex-
cepted.  Several other witnesses testified substantially
to the same facts as to the signing of the mortgage by
Christiana P. Jinwright, and the same rulings were had
upon their testimony, and the same exceptions reserved.

Christiana P. Jinwright testified that Mr. Gafford
came to their house, and she went into the room on re-
quest of her husband where Mr. Gafford was; that her
husband urged her to sign the mortgage, but she said
she was not willing to do so unless he would give her $50
of the money.  Her husband continued to persuade and
urge her sign it, and agreed to give her the $50 of the
money, and she signed it then and there in the presence
of Mr. Gafford.  Mr. Gafford did not tell her he was an
officer.  He did not say a word to her, or ask her any
questions after she signed her name to the mortgage.
She said nothing to him after the mortgage was signed.
As soon as she signed the mortgage she left the room.
Nothing else occurred between her and Gafford.  He
asked her nothing as to her having signed it, and she
said nothing to him about signing it.  The conversation
between her and her husband about signing for $50 was
in the presence of Gafford.  The plaintiff moved to ex-
clude each portion of this testimony of Christiana P.
Jinwright, which motion the court granted, and the de-
fendants separately excepted.

The court, at the request of the plaintiff, gave the
general affirmative charge in his behalf, and to the giv-
ing of this charge the defendants duly excepted.  There
was judgment for the plaintiff.  Defendants appeal, and
assign as error the several rulings of the trial court to
which exceptions were reserved.

HUBBARD, WILKERSON & HUBBARD, for appellant.  The
admission of the deed in evidence was erroneous.—
*Standifer v. Swann*, 78 Ala. 88; *Swann v. Gaston*, 87 Ala.
569; *Sherwood v. Alvis*, 83 Ala. 115; Morawetz on Cor-
porations, (2d Ed.), §§ 339, 340.

PARKS & GAMBLE, and W. R. NELSON, *contra*, cited
*Bank of U. S. v. Dandridge*, 12 Wheaton 70; *Thorington*

*v. Gould*, 59 Ala. 467 ; 4 Amer. & Eng. Encyc. of Law, 239, 240 and note ; Martindale on Conveyances, 1767 (Ed. 1882) § 191.

BRICKELL, C. J.—The appellee deduced title to the premises in controversy through a conveyance purporting to have been executed by "The Scottish American Mortgage Company, Limited," a corporation having its domicil in Scotland, and by the "Loan Company of Alabama," a domestic corporation. The conveyance bore a certificate of acknowledgment of execution in due form, purporting to have been made before the United States Consul for Leith, at Edinburgh, Scotland, by the president and secretary of the Scottish American Mortgage Company, whose names are signed to the conveyance, and whom the consul certified were known to him, and that in their official capacity the acknowledgment was made. The conveyance is under a seal purporting to be the seal of the company, and the testimonial clause is in these words : "In testimony whereof the said The Scottish American Mortgage Company, and the said Loan Company of Alabama have caused their corporate seals to be hereto attached by their agents duly authorized and empowered so to do." This is followed by the corporate seal, opposite which is written "The Scottish American Mortgage Co. Limited, by J. Guthrie Smith, Pres't. ; Robert Benshon, Sect'y ;" the persons acknowledging execution before the consul. The appellants made five separate objections to the introduction of the conveyance in evidence. The first was, because there was no evidence that the persons signing the conveyance were the officers they purported to be ; second, there was no evidence that they had authority to sign the name of the company ; third, there was no evidence that they had written authority to sign the name of the company ; fourth, that the name of the company does not appear to have been signed by either of them ; fifth, that on its face the conveyance appears to have been signed by Smith and Benshon, individually, if at all. To the introduction in evidence of the certificate of acknowledgment, the appellants made these several objections. The first was, that there was no sufficient proof that the maker was a United States Consul, or that he was a consular agent of the United States ; second, that the certificate did not

show that the company signed the deed of conveyance; the third, that the certificate showed that Smith and Benshon individually executed the conveyance. The objections were overruled, and the conveyance and certificate of acknowledgment were read in evidence. The overruling of the several objections is the matter of several of the assignments of error.

We are without statutory provision regulating the manner in which conveyances by corporations may be executed, or the mode in which they may be acknowledged, or probate of the fact of execution and of a certificate thereof. In general terms, the statute declares that conveyances of property, whether absolute or on condition, which are acknowledged or proved according to law, and recorded within twelve months from their date, must be received in evidence in any court without further proof.—Code, § 1798. The officers who have authority within or without the State, or beyond the limits of the United States, to take and certify the acknowledgments or proof of the execution of conveyances, are designated, and the forms of certificate are prescribed. Code, §§ 1799–1804. These statutory provisions are not limited in operation to the conveyances of natural persons; they must be referred to and construed so as to embrace equally the conveyances of corporations; otherwise of them there could not be registration, and execution of them could only be proved according to the course of the common law, introducing a distinction between them and the conveyances of natural persons, it is not reasonable and just to presume was within the legislative intent.— *Lovett v Steam Saw-mill Association*, 6 Paige, 54; *Kelly v. Calhoun*, 95 U. S. 710. It is not possible that a corporation can execute, or can acknowledge, a conveyance, otherwise than through and by its officers or agents. The testimonial clause of the conveyance is in the usual formula of a conveyance made by a corporation. The name of the corporation is signed as the grantor, and that which purports to be the corporate seal is affixed. The name of the corporation must be subscribed or signed to the conveyance, and it must be subscribed or signed by an officer or agent having authority in writing.— *Standifer v. Swann*, 78 Ala. 88; *Swann v. Gaston*, 87 Ala. 569. This is the requirement of the statute.—Code, § 1789. The corporate seal is affixed, and the recital of

[Jinwright *et al.* v. Nelson.]

the testimonial clause is, that the company had caused its signature and corporate seal to be attached by its agents "duly authorized and empowered so to do." When the corporate seal appears to be affixed to an instrument, and the signatures of the proper officers are proved, courts presume that the officers had the authority which they exercised, and the seal itself is *prima facie* evidence that it was affixed by proper authority.—Ang. & Ames on Corp. (11th Ed.), § 224; *Thorington v. Gould*, 59 Ala. 465; *Trustees Can. Academy v. McKechnie*, 90 N. Y. 618. The officers of the corporation, signing the name of the company, and their respective names, and affixing the corporate seal, were the proper parties to acknowledge its execution—there were no other officers or agents having the capacity. The conveyance having been executed in Scotland, "any diplomatic, consular or commercial agent of the United States," had authority to take and certify the acknowledgment.—Code, § 1800. The certificate is *prima facie* evidence of the official character of the officer granting it; the contrary must be shown by the objecting party.—1 Devlin on Deeds, § 500; *Holleman v. De Nyse*, 51 Ala. 95; *Keller v. Moore, Ib.* 340; *Thurman v. Cameron*, 24 Wend. 91; *Trustees Can. Academy v. McKechnie*, 90 N. Y. 618. The certificate of acknowledgment is in substantial conformity to the form prescribed by the statute, and the conveyance having been recorded within twelve months after its date, was proof of the genuineness of the signatures of the officers making the acknowledgment. This is simple obedience to the statute, which declares that in such case the conveyance must be received in evidence without further proof. It is apparent from what has been said, the objections to the introduction in evidence of the conveyance, and of the certificate of acknowledgment, were properly overruled.

The homestead can not be conveyed without the voluntary assent and signature of the wife to the conveyance. The statute provides the only mode in which there can be a manifestation of her voluntary assent and signature, and that is her acknowledgment before an officer having authority to take the acknowledgments of deeds, that she signed the conveyance "of her own free will and accord, and without fear, constraint or threats on the part of the husband," and to the conveyance the officer must attach a certificate reciting the facts, the

form of which is prescribed by the statute.—Code, § 2508. In the present case the fact is shown that the wife signed the original mortgage in the presence of the notary public and that she knew her signature was deemed essential to its validity, as was the fact that it should be made in the presence of the notary. True she denies that she knew the official character of the notary, or that he bore any official character. The facts remain that she knew her signature in his presence was deemed essential, and having this knowledge, she signed in his presence. In the absence of fraud or duress, of which the grantee had knowledge, the official certificate, in the presence of these facts, must be accepted as conclusive of every fact appearing on its face, and there can be no contradiction or impeachment of it by parol evidence of what occurred, or may not have occurred at the time of the signing of the mortgage. This is the result of the opinion in *American Freehold Land Mortgage Company v. James, et als., ante,* p. 347, after very deliberate consideration. There was consequently no error in the exclusion of the evidence offered for the purpose of showing that the certificate of acknowledgment was false in reciting the privy examination of the wife.

We find no error in the record, and the judgment must be affirmed.

HARALSON, J., not sitting.