# Dothan Lumber Co., *et al. v.* Bell Lumber Co., *et al.*

## *Judgment Creditor's Bill.*

(Decided June 30, 1915. 69 South. 419.)

1. *Corporations; Conveyances; Agents.*—If the general manager had proper authority to that end, conveyances executed for and in the name of the corporation by the general manager were not void on their face.

2. *Same; Evidence.*—Whether the general manager of a corporation undertaking to execute conveyances for and in the name of the corporation, had proper authority to do so, was a matter of proof aliunde the conveyances.

[Dothan Lumber Co., et al. v. Bell Lumber Co., et al.]

3. *Fraudulent Conveyances; Hindering Creditors; Right to Relief.*
—Where the conveyances executed for and in the name of a corporation by its general manager, were not void on their faces, they constitute clouds upon the titles of any purchaser at a sale in execution of a judgment against the corporation, and hindrances which, if fraudulently interposed against the creditors of the corporation, by their bill in equity, the court would remove.

APPEAL from Houston Chancery Court.

Heard before Hon. W. R. CHAPMAN.

Bill by the Bell Lumber Company and others, as judgment creditors against Dothan Lumber Company and others, to cancel certain conveyances as a fraud on creditors, and for general relief. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

W. L. LEE, and EPSY & FARMER for appellant.

H. L. MARTIN, for appellee.

SAYRE, J.—(1-3) The demurrer, alleging that complainant had an adequate and complete remedy at law, was properly overruled. The demurrer proceeded upon the theory that the conveyances made, or attempted to be made, by the defendant corporation of the property, which its complaining creditors sought to reach, were absolutely void on their face and constituted no impediment to the enforcement of the judgment to which they had reduced their claim. But if Whitton, who undertook to execute these conveyances for and in the name of defendant corporation as its general manager, had proper authority to that end, they are not void.—*Graham v. Partee*, 139 Ala. 310, 35 South. 1016, 101 Am. St. Rep. 32; *Trammell v. Mower*, 182 Ala. 347, 62 South. 528. And whether or not he had authority is a matter of proof aliunde the conveyances. Undisturbed, they will therefore constitute clouds upon the title of any

purchaser at a sale in execution of the judgment at law, and are obstacles or hindrances which, according to the averments of the bill defendants have fraudulently interposed between complainant and the relief to which it is entitled; and the court should interfere for their removal, for, whatever may be the character of the obstacle or hindrance, whatever may be the scheme or device to which the debtor resorts to defraud his creditors, it lies within the power of a court of equity to remove it.—*Metcalf v. Arnold,* 110 Ala. 180, 20 South. 301, 55 Am. St. Rep. 24.   There are, no doubt, other sufficient answers to the demurrer; but what we have said will suffice.

Let the decree be affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.