JAMES R. MORRISON, and another,

*vs..*

THE WILDER GAS COMPANY.

Knox.    Opinion May 4, 1898.

*Corporations. Directors. Contracts. Evidence. Seals.*

Directors of a corporation, as such, have no implied authority to act singly; they can only act as a board, unless there be an express or implied delegation of authority to act individually.

The presence of a corporate seal upon an instrument purporting to be the contract of a corporation, which does not appear to have been affixed by one having authority, or by a proper official in the general line of his authority, is not even prima facie evidence that such instrument is the contract of the corporation.

A contract under seal executed by the agents of a corporation is subject to the same rules of evidence, and of law, as a similar contract executed by the agents of an individual. In order to prove the execution of such a contract, it must be shown that the agents by whom the contract purports to have been executed were in fact agents of the corporation, having authority to execute the contract in question or contracts of that general description.

In an action to recover the purchase price of materials furnished by the plaintiffs for the construction of a gas plant, the defendant denied that it had ordered the goods or received them, or that it had any connection whatever with the construction of ·the plant. For the purpose of showing that the defendant did construct this plant and that it received and used these articles in the construction, the plaintiffs were allowed to introduce in evidence, against the defendant's objection, a written instrument which purported to be a contract executed by the defendant corporation and which provided for the construction of the plant. This instrument bore the corporate seal of the defendant and was executed in the name of the defendant corporation by one of its directors, who was also chairman of its executive committee. But there was no evidence by record or otherwise, that the contract was ever authorized by the corporation, or that the director had authority to execute this contract or contracts of this general description, or that the executive committee or any member thereof had any authority to make contracts of this nature, or any contract whatsoever for the defendant corporation.

*Held;* that the instrument was not proved to be the contract of the corporation and that it was improperly admitted in evidence.

ON MOTION AND EXCEPTIONS BY DEFENDANT.

This was an action of assumpsit brought by the plaintiffs to recover the price of certain supplies furnished to construct a plant and introduce a process for the manufacture of gas in Rockland. The undisputed facts in the case are substantially as follows:—

The plaintiffs were J. R. Morrison and John W. Rowe, doing business in Boston, Massachusetts, under the firm name of J. R. Morrison & Company, dealers in steam pipes, fittings and supplies. The defendants named in the writ were O. P. Ricker and Wilder Gas Company, a corporation organized under the laws of Maine, July 26th, 1892. The writ was dated April 7th, 1894, and the amount claimed as indebtedness was $462.22. At the trial the defendants pleaded separately the general issue. The Wilder Gas Company denied that it was indebted to the plaintiffs, as a corporation, or that any contract had been entered into with the plaintiffs; and that if any contract or agreement had been made with plaintiffs, such contract or agreement was unauthorized and without the knowledge or consent of the corporation; and whatever contract was in fact made was made with Luke A. Wilder and Charles H. Wilder and one Mr. Judd, and that the plaintiffs knew at the time the supposed contract was made the corporation had no knowledge of the transaction. After the evidence was all out, the plaintiffs discontinued as to the defendant Ricker, and a verdict was thereafter rendered against the corporation for the sum of $512.22. There was no contention as to the amount of the account or bill sued. The issue was as to the contract: Was or not the corporation the promisor either by an express or implied promise? The defendant, the Wilder Gas Company, filed a general motion to set aside the verdict as against evidence, and also took exceptions to the ruling of the presiding judge as to the admission of evidence and his refusal to admit other evidence that was offered by the defendant as explanatory of the evidence which, it said, was erroneously admitted in behalf of plaintiffs.

*W. H. Fogler*, for plaintiffs.

The seal of the company gave the instrument prima facie authenticity. Beach, Priv. Corp. § 376.

The presence of a seal gives rise to a prima facie presumption that it was affixed by proper authority. The burden of proof is on the party impeaching and the seal is prima facie evidence that the officer did not exceed his authority. 4 Am. & Eng. Ency. p. 244; *Trustees* v. *McKechnie*, 90 N. Y. 618; *Flint* v. *Clinton Co.*, 12 N. H. 434; *Burrill* v. *Nahant Bank*, 2 Met. 166.

When a deed is signed by one as agent of a corporation, if the seal of the corporation is affixed thereto, it will be presumed, in the absence of contrary evidence, that the agent was duly authorized to make the conveyance. 2 Greenl. Ev. § 62.

Proof of authority to execute contracts by corporation : *Maine Stage Co.* v. *Longley*, 14 Maine, 444–449; *Warren* v. *Ocean Ins. Co.*, 16 Maine, 439; *Badger* v. *Bank of Cumberland*, 26 Maine, 428–435; *Trundy* v. *Farrar*, 32 Maine, 225–228; *Fitch* v. *Steam Mill Co.*, 80 Maine, 34; *Sherman* v. *Fitch*, 98 Mass. 59–64; *Bank of Columbia* v. *Patterson*, 7 Cranch, 299; *Bank of U. S.* v. *Dandridge*, 12 Wheat. 64; *Tenney* v. *Lumber Co.*, 43 N. H. 343–356; *Flint* v. *Clinton Co.*, 12 N. H. 434; *Bank of Middlebury* v. *Rutland & W. R. Co.*, 30 Vt. 170; 2 Greenl. Ev. § 62; Story's Agency, § 53; R. S., c. 49, § 21.

The following principles are established by the above authorities :—

Grants and proceedings beneficial to a corporation are presumed to be accepted; and slight acts on their part, which can be reasonably accounted for only upon the supposition of such acceptance, are admitted as presumptions of fact.

The same presumptions are as applicable to corporations as to individuals; and a deed, vote or by-law is not necessary to establish a contract, promise or agency.

The authority of an agent to act for a corporation need not be proved by record or writing, but may be presumed from acts, and the general course of business.

Authority in the agent of a corporation may be inferred from the conduct of its officers, or from their knowledge, and neglect to make objection, as well as in the case of individuals.

If the directors of a corporation are accustomed to give separate

assent to the execution of contracts by their agents, it is of the same force as if done at a regular meeting of the board; and it is competent evidence for a stranger of the concurrence of a quorum of a board of directors, to show their acts of assent separately.

*D. N. Mortland and M. A. Johnson,* for defendant.

Corporations from necessity must act by and through some lawfully constituted agent or agents. There certainly would be no safety for corporations if every man's word was to be taken as true who might claim to be the agent of any such corporation. The rule is well settled that "there must be proof of agency before the declarations of the alleged agent are admissible," and then, as this court has said, "only such declarations as are strictly part of the res gestæ." *Hazeltine* v. *Miller*, 44 Maine, 181; *Polleys* v. *Ocean Ins. Co.*, 14 Maine, 141; *Holmes* v. *Morse*, 50 Maine, 102; *Dorne* v. *Southwork Mfg. Co.*, 11 Cush. 206.

The declarations of a professed agent, however publicly made and although accompanied by an actual signature of the name of the principal, are not competent evidence to prove the authority of such agent when questioned by the principal. *Brigham* v. *Peters*, 1 Gray, 145; *Mussey* v. *Beecher*, 3 Cush. 517.

If any contract was made at all it was a contract to be implied from some "corporate acts" or from the acts of a general agent. There is no evidence of any kind of any corporate act of this corporation which tends to prove this contract, and there is no legitimate evidence that the company had any general agent.

The document offered by the plaintiffs could only be received as an admission or declaration, not of the corporation, but of L. A. Wilder. Such evidence is not admissible until after the plaintiffs have shown him to be the general agent of the corporation.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, WISWELL, JJ.

WISWELL, J. This action is to recover the purchase price of certain materials furnished by the plaintiffs for the construction of a gas plant at Rockland. The defendant denied that it had

ordered the goods, or received them, or that it had any connection whatever with the construction of the gas plant.

For the purpose of showing that the defendant did construct this plant, and that it received and used these articles in the construction, the plaintiffs were allowed to introduce in evidence, against the defendant's objection, a written instrument which purported to be executed by the defendant corporation and which provided for the construction of the plant. The attestation clause and form of execution were as follows:— "In witness whereof, said Wilder Gas Company by the hands of its chairman of the executive committee, Luke A. Wilder, thereunto duly authorized, has hereunto set its corporate name and affixed its corporate seal, and said Knox Gas and Electric Company by the hand of A. D. Bird, its Treasurer, thereunto duly authorized, has set its corporate name and affixed its corporate seal the year and day above written.

> The Wilder Gas Co., by Luke A. Wilder
> Chairman of Executive Committee (L. S.)
> Knox Gas & Elec. Co., by A. D. Bird, Treas.    (L. S.)"

Objection was made to the introduction of this instrument upon two grounds; because it was not a contract between the parties to the suit, and because there was no evidence showing that the contract had been authorized by the defendant corporation. We have no doubt that a contract between the defendant and the owner of the plant, if shown by competent testimony to have been authorized by the defendant, was admissible in evidence for the purpose for which it was introduced.

But was there any evidence showing that this instrument was the contract of the defendant? The signature of Luke A. Wilder, and the fact that at the time he was a member of the board of directors and of the executive committee of the defendant corporation, were proved and admitted; but there was no evidence by record or otherwise, outside of the instrument itself, and the fact that it bore the corporate seal, that the contract was ever authorized by the corporation, or that Wilder had authority to execute this contract or contracts of this general description, or that the

executive committee or any member thereof had any authority to make contracts of this nature.

Some cases and text writers have laid down the rule that the presence of the corporate seal upon an instrument that purports to be the contract of a corporation gives rise to a prima facie presumption that it was affixed by proper authority; while others very materially limit the rule by saying, that when the seal is affixed by a proper official, in the line of his authority, it is evidence of the assent and act of the corporation.

Here the only proof was that Wilder was a director and member of the executive committee. But a director, as such, has no authority to make contracts for his corporation. He may of course have such authority,—it may be either express or implied, and it may be shown by record or parol,—but it does not follow that he had, merely from the fact of his being a director. It is a familiar rule, which requires no citation of authority, that directors of a corporation, as such, have no implied authority to act singly; they can only act as a board, unless there be an express or implied delegation of authority to act individually. So far as this case shows, Wilder had no such authority; he was not the proper official, either to sign the corporate name or to affix the corporate seal; it was not within the line of his authority.

We can see no reason why the presence of a corporate seal, which does not appear to have been affixed by one having authority, or by a proper official in the general line of his authority, should be even prima facie evidence that a contract, signed and sealed by a person, who, so far as the case shows, had no authority to make or execute this or such a contract, was the contract of the corporation.

We very much prefer the doctrine laid down by Mr. Morawetz in his work on Private Corporations. We quote from that work a portion of section 340 : " It has sometimes been said, that, if the seal of a corporation appears to be affixed to an instrument, the presumption is that it was rightfully affixed,—that the seal is itself prima facie evidence that it was affixed by the proper authority. The meaning of these statements is not perfectly clear. The seal

of a corporation certainly has no mysterious virtue not possessed by other seals; and a contract under seal executed by the agents of a corporation is subject to the same rules of evidence, and of law, as a similar contract executed by the agents of an individual. In order to prove the execution of a contract purporting to have been executed under the corporate seal, two facts must be shown. First, it must be shown that the agents by whom the contract purports to have been executed were in fact agents of the corporation, having authority to execute the contract in question, or contracts of that general description; and, secondly, it must be shown that the signatures are genuine, or, in other words, that these agents did actually execute that particular contract. The mere circumstance that a seal was affixed to the contract would evidently not tend to establish either one of these facts."

Here there was sufficient evidence that Wilder executed the contract in the name of the corporation and affixed thereto the corporate seal. There was no evidence whatever that he had any authority, express or implied, to execute this contract, or contracts of this nature, or any contract whatsoever for the defendant corporation. We think, therefore, that the instrument was improperly admitted.

*Exceptions sustained.*