# American Savings & Loan Association
# *v.* Smith

## *Statutory Action of Ejectment.*

1.   *Execution of deed by corporation; in absence of corporate seal, authority for execution of deed by president must be proved.*
    When the common seal of a corporation is affixed to a deed, and it is signed by the officers authorized by its charter to sign or attest its contracts, it will be presumed that the instrument was executed by the authority of the corporation, and such deed is admissible in evidence upon proof of the signatures of the officers whose names are signed thereto; but in the absence of the corporate seal from a deed purporting to be executed by a corporation, before such deed is admissible in evidence as being valid and conveying any property rights, it must be proved *aliunde* that the officers whose names are signed to the instrument, were regularly and duly authorized to execute the deed for and in the name of said corporation.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

This was a statutory action of ejectment, brought by the appellant, the American Savings & Loan Association, against the appellee, John Smith, to recover a certain lot specifically described in the complaint. The trial was had on issue joined upon the plea of the general issue.

The plaintiff claimed the right and title to the property as purchaser under a mortgage, alleged to have been executed to it by the Oxanna Building Association, in which said lot was conveyed. The plaintiff introduced in evidence a mortgage from the Oxanna Building Association to it, in which there were conveyed several lots, among which was the one here sued for. This mortgage was in the usual form of mortgages to Building & Loan Associations to secure loans made by said associations. Its signature was as follows: "In testimony whereof the said party of the first part hereunto sets its hand and seal the day and year first above written by its president, B. F. Sawyer, who is fully authorized to execute this mortgage. (Signed.) Oxanna Building Association. (Seal.) By B. F. Sawyer, President." It was attested by two witnesses.

Attached to this mortgage there was a certificate of acknowledgment made by a notary public. There was no corporate seal attached. The defendant objected to the introduction of said mortgage in evidence, on the grounds, 1st, that it was not shown to have been executed by the authority of the Oxanna Building Association; 2d, because it purports to be executed by B. F. Sawyer, and it was not shown in writing that he was authorized to execute the writing. 3d. Because the paper does not purport to be under the common seal of the corporation. The court overruled this objection, and the defendant duly excepted.

There was introduced in evidence the deed to the plaintiff, executed by the register of the court in which the mortgage was foreclosed. The mortgage was recorded on June 14, 1889, and the deed to the plaintiff

from the register of the court was dated February 6, 1896.

The evidence for the defendant tended to show that since November, 1894, John Smith, the defendant, had been in possession of the property, holding it adversely to the plaintiff, and that said Smith held it as tenant of one Riddle, who held a deed to said property from the receiver of the Oxanna Building Association.

The cause was tried by the court without the intervention of a jury; and upon the hearing of all the evidence, the court rendered judgment for the defendant, to the rendition of which judgment the plaintiff duly excepted. From this judgment the plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

CARTHELL & AGEE, for appellant.—The mortgage from the Oxanna Building Association dated June 14th, 1889, purported to be signed by the president of the mortgagor with the corporate seal attached, and it recites that the said party of the first part, (Oxanna Building Association), hereunto set its hand and seal by its president, B. F. Sawyer, who is fully authorized to execute the mortgage, and it is signed "Oxanna Building Association (Seal.) by B. F. Sawyer, President." This was *prima facie* evidence of a conveyance of the title and cast on the defendant the burden of proving a want of authority in the president to convey. It was proven on the trial that Sawyer was the president at the time of the execution of the mortgage.—*Robinson v. Cahalan*, 91 Ala. 479; 4 Amer. & Eng. Encyc. of Law, (1st ed.) 238, n. 1; *S. A. & M. R. R. Co. v. Lancaster*, 62 Ala. 555.

But under any circumstances, as the mortgage imports on its face to be under seal, it must have the same effect as if the seal of the Oxanna Building Association was attached or affixed thereto.—Code, of 1886, § 1840. A seal is not necessary to convey the legal title to land. Code of 1886, § 2694. The law did not require that the Oxanna Building Association have a seal unless it deemed it necessary.—Code of 1886, § 1556, subd. 2. And the burden of proof would rest upon the defendant

[American Savings & Loan Association v. Smith.]

to show that it had a seal.—*Boulware v. Davis*, 90 Ala.
211; *Ala. G. L. Ins. Co. v. Gen. Ag. & Mech. Asso.*, 54
Ala. 73.

BLACKWELL & KEITH, *contra.*

McCLELLAN, C. J.—It will suffice to say in justifica-
tion of the conclusion and judgment of the city court—
the cause being tried without a jury—that it was not
made to appear that Sawyer, who signed the name of the
Oxanna Building Association to the mortgage of June
14, 1889, as president of said company, had any author-
ity to execute that conveyance for and in the name of the
association.—*Norton v. Alabama National Bank*, 102
Ala. 420; *Swann & Billups v. Miller*, 82 Ala. 530; *Ware
v. Swann & Billups*, 79 Ala. 330; *Standifer v. Swann &
Billups*, 78 Ala. 88. The testimonial to the instrument
reciting that "the said party of the first part [the Ox-
anna Building Association] hereunto sets its hand and
seal the day and year first above written by its president
B. F. Sawyer, who is fully authorized to execute this
mortgage," had the corporate seal been attached the pre-
sumption would have been that the president had the
authority to execute the conveyance, and the seal itself
would have been *prima facie* evidence that it was affixed
by proper authority.—*Thornton v. Gould*, 59 Ala. 465;
*Jinwright v. Nelson*, 105 Ala. 399. But no corporate
seal is affixed to this instrument or purports to be; and
in the absence of it the authority of Sawyer, the presi-
dent of the corporation, to execute the conveyance will
not be presumed, but must be proved *aliunde.*
   Affirmed.