GIEBLER MANUFACTURING COMPANY, Appellant, *v.* CHRISTIAN KRANENBERG and EDWARD GIEBLER, Respondents.

*Ratification of an unauthorized sale of property of a corporation by its president — the application of the proceeds to the payment of its debts is not.*

The fact that the president of a manufacturing corporation, who, in defiance of the wishes and against the express protest of a majority of the board of directors of such corporation, sells its property, applies the purchase price to the payment of the debts of the corporation, without, so far as appears, the knowledge and consent of the directors of the corporation, does not operate as a ratification by the corporation of the unauthorized sale.

APPEAL by the plaintiff, Giebler Manufacturing Company, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, in favor of the defendants, entered on the 14th day of June, 1904, upon the decision of the court, and also from an order entered in the office of the clerk of said court denying the plaintiff's motion for a new trial made upon the minutes.

*Horace A. Davis,* for the appellant.

*Herman S. Bachrach,* for the respondent Kranenberg.

*Alfred R. Bunnell,* for the respondent Edward Giebler.

PER CURIAM:

In this action the plaintiff corporation seeks to recover damages for the conversion of a milling machine which it is alleged that the defendant Edward Giebler assumed to sell to the defendant Christian Kranenberg without any authority so to do, and which the latter assumed to purchase with knowledge of such lack of authority. The defendant Giebler was not authorized to sell the machine, which was a part of the manufacturing plant of the corporation, by virtue of his position as president. He was not empowered to do so by any vote of the board of directors. The only theory upon which the sale can be sustained is that a majority of the directors assented to it, and so informed the defendant Kranenberg before he paid the purchase price to the defendant Giebler. This must have been the theory upon which the decision in the court below was rendered in favor of the defendants. It is not supported by the weight of evidence. On the contrary, the proof as a whole strongly preponderates in favor of the view that the alleged sale was transacted by the president of the corporation in defiance of the wishes and against the express protest of the majority of the directors, and that the purchaser was aware of the fact. The defendant Giebler claims to have applied the purchase price to the payment of the debts of the corporation, and it is argued that this use of the money establishes a ratification of the sale by the plaintiff, but it could not have that effect unless it appeared that the money was so applied with the knowledge and consent of the directors. The president could not effect a corporate ratification of his own unauthorized action by further action of his own known only to himself.

The judgment should be reversed as against the weight of evidence, upon the payment of costs by the plaintiff, and a new trial ordered.

HIRSCHBERG, P. J., BARTLETT, WOODWARD and JENKS, JJ., concurred; HOOKER, J., not voting.

Judgment and order of the Municipal Court reversed as against the weight of evidence, and new trial ordered, provided that the plaintiff within twenty days pay the costs of the trial already had and the costs of this appeal. In the event of non-compliance with this condition judgment affirmed, with costs.