(78 South. 852)

NORTON v. ALEXANDER.      (8 Div. 107.)

(Supreme Court of Alabama.   April 18, 1918.)

BILLS AND NOTES ⬟537(8) — TRIAL — QUESTIONS FOR JURY.

In action by a seller of land on the note of a third person given by the purchaser, whether the sale had been rescinded with agreement of seller to return note to purchaser *held*, under the evidence, for the jury.

Appeal from Circuit Court, Lawrence County; R. C. Brickell, Judge.

Action by L. W. Norton against Jake Alexander. Judgment for defendant, and plaintiff appealed. Transferred from the Court of Appeals under Act April 18, 1911, p. 449, § 6. Reversed and remanded.

J. M. Irwin, of Moulton, and D. C. Almon, of Albany, for appellant. Chenault & Downing, of Moulton, for appellee.

THOMAS, J. The rule has been often reaffirmed, that it is not for the court to judge of the sufficiency of the evidence, or decide which of conflicting tendencies of evidence should be adopted by the jury. Amerson v. Corona Coal & Iron Co., 194 Ala. 175, 69 South. 601; Tobler v. Pioneer Co., 166 Ala. 482, 52 South. 86.

Plaintiff testified that he and Craig agreed on the terms of the sale and purchase of the lands in question, to the effect that Craig would pay in cash the sum of $500 and give a mortgage for the balance of the purchase price, and that Norton (plaintiff) would execute a deed and deposit it with Mr. Irwin for delivery. Witness further testified that Craig requested him to accept, and that witness agreed to take, in lieu of said agreed cash payment, the note on which this suit is brought, to wit, that of John Alexander for $500, payable January 1, 1914; that this was after witness had called up Alexander and asked if, as maker, the latter would make payment of the note to plaintiff (witness), and Alexander had replied that such arrangement was agreeable to him, provided the date of payment, as extended by Craig to him, January 1915, be observed. The evi-

dence for the defendant was to the effect that no such conversation was had with Alexander, and that there was no consummation of the contract of purchase by the giving of the mortgage; that before the maturity date of the note as extended by Craig a rescission of the contract between Craig and Norton was had, with the agreement by Norton to redeliver to Craig Alexander's note, and that of this transaction Alexander had notice; and that the purchaser, Craig, was never given, and never had, possession of the lands at any time. Plaintiff's testimony tended to show that Craig did have possession of a portion of the lands, as per contract of sale and purchase, and removed wood therefrom and to some extent improved or beautified the premises about the dwelling house. This testimony was unequivocally denied by defendant.

If a purchaser has paid a portion of the purchase price and been put into possession of the land by the seller, a binding contract of purchase is implied; and such state of facts takes a parol contract to purchase lands without the influence of the statute of frauds. Code, 1907, § 4289 (5). The testimony being in conflict as to the consummation of the agreement of purchase and the seller's having put the purchaser into possession of the land after the payment of a portion of the purchase price, a jury question was presented. And this question being resolved in the affirmative, that is, that the purchaser was so put into possession, etc., leaves in dispute the question of a rescission of the contract, with the agreement of Norton to redeliver to Craig the Alexander note. In this condition of the evidence, the action of the court in charging the jury at defendant's request, "If you believe the evidence in this case you must find for the defendant," was reversible error.

There was no error in allowing defendant to give in evidence facts tending to show that plaintiff was not the owner of the note on which the suit was brought. If, as between Craig and Norton, the note belonged to Craig, the defendant, Alexander, being notified of this fact, would be protected in his subsequent payment thereof to Craig. But the evidence tended to show that this payment was made by Alexander to Craig after the contract between Craig and Norton had been abrogated by consent of the parties, and after Alexander's notification of the rescission; and, this being true, the plaintiff would not be the owner of the note, so as to entitle him to maintain suit thereon.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.