(88 South. 155)

## LOUISVILLE & N. R. CO. v. FRANKS. (8 Div. 274.)

(Supreme Court of Alabama. Feb. 10, 1921.)

**1. Appeal and error ⬦⇒241—Question of weight of evidence not before court without motion for new trial.**

When considering the general charge requested and refused, the question of the weight of the evidence is not before the Supreme Court, in the absence of motion for new trial predicated thereon, but only the question whether the evidence and reasonable inferences were sufficient to warrant submission of the facts to the jury under the pleading.

**2. Master and servant ⬦⇒285(11)—Evidence held to take to jury issue of injury as result of continuous sequence from negligence of superintendent.**

In an action for injuries to a railroad's employee while assisting others in trucking a steel die from the road's forge through its blacksmith and machine shops, evidence *held* sufficient to take to the jury the issue made by a count of the complaint of injury as the result of a continuous sequence from the negligence of the railroad's superintendent.

**3. Master and servant ⬦⇒287(8)—Evidence insufficient to take to jury issue of injury as result of foreman's negligence.**

In an action for injuries to a railroad's employee while assisting others in trucking a steel die from the road's forge through its blacksmith and machine shops, evidence *held* insufficient to take to the jury the issue made by a count of injury attributed to the negligence of defendant railroad's foreman over plaintiff.

**4. Master and servant ⬦⇒259(5)—Counts for negligence of superintendents not demurrable.**

In an action for injuries to a railroad's employee while assisting others in trucking a steel die from the road's forge through its blacksmith and machine shops, count 3 of the complaint, attributing plaintiff's injuries to the negligence of his foreman, and count 6, attributing them to the orders of another employee of the railroad to whose orders plaintiff was bound to conform *held* not demurrable.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Action by Cleveland F. Franks against the Louisville & Nashville Railroad for damages for personal injuries while engaged in its employment. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

Count 3 attributes the injuries to the negligence of one Jack Jenkins, a person in the service or employment of the defendant, who had superintendence intrusted to him and while in the exercise of such superintendence, in that he negligently allowed or suffered a piece of iron to be along or in the

---

path of or way where plaintiff was assisting or trucking a steel die through the blacksmith shop of the defendant by means of a two-wheeled truck, which truck came in contact with or ran upon said piece of iron while plaintiff was in the discharge of his said duties as aforesaid, and as a proximate consequence thereof plaintiff received personal injuries as follows: (Here follows catalogue of injuries.)

The sixth count alleges that plaintiff was pushing said truck under the orders and directions of one Jones, an employee of the defendant to whose orders plaintiff was bound to conform, and the said Jones negligently ordered plaintiff and others who were assisting him to push said cart, loaded with said heavy die, under a hose, which was suspended between three and four feet across a path along which they were going, and while conforming to such orders plaintiff was in a stooping posture to get under said hose, and at the same time was undertaking to draw said heavy loaded cart under the same, and thereby received the injuries complained of as the proximate consequence of the negligent order so given by said Jones.

Charge 4, refused to the defendant is that, "if you believe the evidence, you cannot return a verdict for the plaintiff under count 3."

Eyster & Eyster, of Albany, for appellant.

Count 6 was subject to the demurrer. 168 Ala. 573, 53 South. 138; 203 Ala. 20, 81 South. 810. The affirmative charge as to this count should have been given. The evidence fails to support count 3. 162 Ala. 628, 50 South. 346; 146 Ala. 236, 41 South. 475; 171 Ala. 280, 55 South. 185.

Tennis Tidwell, of Albany, and Callahan & Harris, of Decatur, for appellee.

The court was not in error as to its rulings on count 3. 97 Ala. 248, 12 South. 88. The majority opinion in 168 Ala. 578, 53 South. 138, upholds count 6, and the evidence introduced to support it.

THOMAS; J. [1] When considering the general charge requested and refused, the question of the weight of the evidence is not before the court in the absence of a motion for a new trial predicated thereon. It is only whether the tendency of evidence and reasonable inferences to be deduced therefrom were sufficient to warrant a submission on the facts to the jury under the pleading. McMillan v. Aiken, 88 South. 135;[1] Crim v. L. & N. R. R. Co., 80 South. 376;[2] Amerson v. Coronoa Coal & Iron Co., 194 Ala. 175, 69 South. 601; Tobler v. Pioneer M. & M. Co., 166 Ala. 482, 517, 52 South. 86.

[2] The plaintiff was assisting four other employees in trucking a steel die from de-fendant's forge through its blacksmith and machine shop, under the direct supervision of his immediate superintendent (of defendant), who had charge of and directed the operation and the way; and when they came to the door of the blacksmith shop there was an obstruction of a rubber air hose stretching about four feet from the floor and across the path along which they were rolling the truck carrying said steel die. Plaintiff's evidence shows that, seeing this obstruction, they "stopped and some one mentioned moving it," and to this suggestion the superintendent in charge (Mr. Jones), to whose orders plaintiff was compelled to conform in the discharge of the duties of his employment, and at which he was then engaged, said to plaintiff and associates "to go over [under] it," meaning over the doorway and under the hose; "if you can't, * * * get off of your job." Plaintiff's account of the locus in quo and cause of his injury was: "He said go under it. I started it, and just as I got in a stooping position to go under it, and started to pulling, there was a bolt there about the color of the cinders. I never saw it until the wheel [of the truck being drawn] struck it and jerked my shoulder against the door," inflicting the injuries of which complaint is made. That in pulling the "horns of the truck" he was naturally stooping and looking down toward the ground, more or less on the path over which they were pulling the truck under the hose. That the bolt was a brown color, the color of iron. That the cinders were a light gray color. That he did not know when the bolt was put there and did not know it was in the path until the truck struck it, and did not know whether Mr. Jones saw it in the path before it was struck. S.-S. S. & I. Co. v. Brooks, 87 South. 82;[3] Choctaw C. & M. Co. v. Dodd, 201 Ala. 622, 79 South. 54. This was evidence to submit to the jury under the issue made by the pleading, the sixth count, of an injury the result of a continuous sequence from the negligence charged, and was a different case from Woodward Iron Co. v. Gamble, 203 Ala. 20, 81 South. 810.

[3] Under the third count there was testimony tending to show that Mr. Jack Jenkins was foreman in the shop or place where plaintiff received his injury, who testified that it was his duty to supervise the condition and ways in the shops, to see that everything was in its place; "to superintend the grounds and mechanism and everything in connection with these shops;" that the foreman, Jones, had authority to move the die, and of the ways and means to attain that end; that it was plaintiff's duty to "obey him"; and that said foreman always put four or five men to moving such dies. The witness said: "Of course, * * * they have to be careful to keep one end from flying up,

[1] Ante, p. 35.    [2] 206 Ala. ——.    [3] 204 Ala. 674.

and the die from rolling off. The die has that tendency while it is being moved." That running over an obstruction would not throw it out of balance, but it would throw the die to one side. That "there is nothing in the movement of the car to injure a man that I know of; that is, [if] there is no obstruction or anything like that. * * * If the wheels struck an obstruction, it would cause the car to fly around, * * * due to the weight and the motion of the truck." That the pathway along which plaintiff and his associates, under the immediate foremanship of Mr. Jones, were moving the die, was well known to Foreman Jenkins, who was the general foreman. That it was the path for the purpose of moving dies to the machine shop. That there was no obstruction "unless something got in the way; something might get in the way." That he did not know of the hose being stretched across the south door at the time Franks was injured, but he did know that at times such hose was used across that door and pathway. A consideration of all the evidence shows that it was insufficient to submit the third count to the jury (Woodward Iron Co. v. Boswell, 199 Ala. 424, 75 South. 3) ; and there was error in refusing the affirmative charge requested as to that count. For aught that appears, the path was unobstructed when plaintiff went to work at moving the die, and came within the rule of Boswell's Case.

[4] The third and sixth counts were not subject to demurrer. Ala. Fuel & Iron Co. v. Minyard, 88 South. 145 ;[4] T. C., I. & R. R. Co. v. Moore, 194 Ala. 134, 69 South. 540. For refusing charge numbered 4, requested by defendant in writing, the judgment is reversed, and the cause is· remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.