(89 South. 373)

**BLACKMAN v. SULLIVAN. (8 Div. 336.)**

(Supreme Court of Alabama. April 21, 1921. Rehearing Denied May 19, 1921.)

**1. Animals ⚷36½ — Tick inspector's negligence in dipping animal held question for jury.**

In an action against a stock inspector for the death of plaintiff's cow while being dipped by defendant, evidence *held* sufficient to take to the jury the questions whether defendant was negligent in permitting the cow to drink of some of the liquid which had flowed from the dipping vat, and whether such negligence was the cause of her subsequent death.

**2. Appeal and error ⚷241 — Weight of evidence not raised by request for affirmative charge for defendant.**

A request for the affirmative charge for defendant raises only the question whether there is evidence sufficient to take the case to the jury, but does not raise the question whether the verdict is against the weight of evidence.

⚷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Morgan County Court; W. T. Lowe, Judge.

Action ·by S. P. Sullivan against W. T. Blackman for damages for the death of a cow, alleged to have been poisoned while being dipped. Transferred from Court of Appeals under section 6, p. 449, Gen. Acts 1911. Judgment for plaintiff, and defendant appeals. Affirmed.

Wert & Hutson, of Decatur, for appellant.

The facts did not support the complaint, and the defendant should have had verdict directed for him. 67 Ala. 1.

Tennis Tidwell, of Albany, for appellee.

There was sufficient evidence to take the case to the jury.

THOMAS, J. The complainant claims damages, for that defendant was averred to have been in charge of a certain dipping vat as "tick inspector," and in which the people in said county, including plaintiff, "were required to have their cattle dipped;" that plaintiff, as the owner of the cow described, on the day and date indicated, caused his cow to be taken to the vat in charge of said defendant, and the latter—

"caused the said cow to be dipped in said vat, and that he negligently allowed said cow to drink some of the fluid provided for dipping of cattle, and as a proximate consequence thereof, said cow died."

Defendant pleaded not guilty of the matters and things alleged; the issue of fact was submitted to a jury, and a verdict was returned for plaintiff, assessing his damages at the amount indicated, and on which verdict a judgment was duly entered by the court. Written charges requested by defendant were affirmative in character.

The evidence for plaintiff tended to show that at the time and place indicated he was the owner of said cow, that he sent her to the dipping vat, and that she died shortly after being dipped; that he had had the cow dipped several times before the date of her death, from which she received no injury; that when the plaintiff's agent took the cow to the dipping vat, there were a number of cows to be dipped, and "as fast as one was dipped, another let in" the inclosure or part thereof; that plaintiff's cow (which died) was put in said inclosure where some water had run out of the vat and stood in a pool, and when the cow began drinking the water plaintiff's agent asked defendant "if it would hurt her, and he said it was not strong enough." The evidence tended further to show that the animal was well when carried to the vat, and that she did not drink before she entered the pen, where she drank the water standing therein that had come from the vat; that she was not fed after she was dipped, was not otherwise injured thereafter, and was placed in the pasture, where she died.

The defendant as a witness said that he had dipped many thousands of cows, and this was the only one he had had to die; that he handled them all as he did this cow; that she was dipped in the morning, and did not drink any of the fluid which was in the vat; that he was tick inspector, using a formula which was furnished him by a superior officer for the purpose of killing ticks; and that people "within certain distance of this vat were required to dip at this vat;" and that plaintiff's farm was within the prescribed territory so required to dip; and that notice was and had been theretofore given, and all within the territory embracing plaintiff's farm were required to dip every two weeks.

[1, 2] The bill of exceptions recites that this was all the evidence. It·was sufficient to make a jury question as to the cause of the death of plaintiff's cow, and whether the result of defendant's negligence. There was no motion for a new trial challenging the sufficiency of the evidence. It is only a scintilla of evidence rule that had application to the request in writing for the affirmative charge which was denied to defendant. L. & N. R. Co. v. Franks, 205 Ala. 322, 88 South. 155; McMillan v. Aiken, 205 Ala. 35, 88 South. 135.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ.; concur.