MARY WARNER KNAPP, Respondent, *v.* ROCHESTER DOG PROTECTIVE ASSOCIATION, Appellant.

Fourth Department, May 18, 1932.

*Clarence P. Moser* [*J. Boyd Mullan* of counsel], for the appellant.

*J. Sawyer Fitch*, for the respondent.

EDGCOMB, J.    Defendant is a membership corporation, organized for the purpose of furthering " the interests of the dog, the friend of man."    Prior to the commencement of this action the plaintiff was one of the moving spirits of the organization, as well as a director and vice-president.    In fact, she was its principal backer and benefactor.    Miss Foubister, a close friend and *protegé* of the plaintiff, was its secretary, and one of its directors.

In 1927 the plaintiff purchased a farm in the town of Chili, Monroe county, and equipped it with kennels and runways, and turned it over to the defendant free of charge, to be used in connection with the work in which it was engaged.

On May 6, 1930, the county of Monroe entered into an agreement with the defendant for the lease of the premises for use as a dog pound.    Appellant agreed to employ a pound keeper, furnish and operate an animal ambulance, and perform various other services.    This contract was approved by the directors of the defendant, and a minute of such action appears in the minutes of a meeting held on March 27, 1930.

During the negotiations with the county, some talk was had between Miss Knapp and Miss Foubister to the effect that, if defendant received the fees provided by section 123 of the Agriculture

and Markets Law (added by Laws of 1929, chap. 173), which it was estimated would run into a considerable sum, plaintiff should be paid a reasonable amount for the use of her property, and it is claimed by the respondent that the defendant finally agreed to pay her an annual rental of $2,000 for the use of her farm, payable in quarterly installments of $500 each, which was the exact consideration defendant was to receive for the services it had agreed to furnish under its contract with the county of Monroe. In this action, brought to recover the rent claimed to be due under this alleged lease with the defendant, plaintiff has been awarded a judgment, and the defendant appeals.

We think that the plaintiff has failed to establish any binding agreement on the part of the defendant to pay her any rent for the use of her farm.

Being an artificial body, a corporation can act only through instrumentalities, and in the manner prescribed by law. (*Continental Securities Co.* v. *Belmont*, 206 N. Y. 7, 16; *Beveridge* v. *N. Y. El. R. R. Co.*, 112 id. 1, 22; *People's Bank* v. *St. Anthony's Roman Catholic Church*, 109 id. 512, 521.)

The management of the business of a corporation is vested in its board of directors, who constitute the mind and body of the corporate entity. (Gen. Corp. Law, § 27.) This authority, however, is conferred upon the directors, not in their individual capacity but only when acting together as a board. Acting singly, a majority, or even all of the directors, cannot bind the corporation. Whatever is done must be the deliberate action of the body, and not of its individual members. (*Union Car Advertising Co., Inc.*, v. *Collier*, 232 App. Div. 591, 593; *Republican Art Printery, Inc.*, v. *David*, 173 id. 726, 731; *Morrison* v. *Gas Co.*, 91 Me. 492, 497; *Star Mills* v. *Bailey*, 140 Ky. 194, 197; *Gashwiler* v. *Willis*, 33 Cal. 11; *Damon* v. *Selectmen of Framingham*, 195 Mass. 72, 77; *Rowe* v. *Inhabitants of Peabody*, 207 id. 226, 236.)

Section 27 of the General Corporation Law states that "Unless otherwise provided a majority of the board at a meeting duly assembled shall be necessary to constitute a quorum for the transaction of business and the act of a majority of the directors present at such a meeting shall be the act of the board."

The plaintiff has failed to present the minutes of any meeting of the board of directors of the defendant at which a resolution was adopted authorizing the execution of the alleged agreement upon which she seeks to recover, or at which any such proposition was ever mentioned or discussed. She says, however, that other meetings were held, and she attempts to rehearse the business which was transacted in so far as it relates to this alleged lease.

No one is able to say definitely who were present at such meetings, or whether there was a quorum. It is not suggested that any notice of the meeting was given to the directors. Concededly, less than a majority of the eighteen directors were present, although seven constituted a quorum. It seems rather significant that the secretary, whose duty it was to keep the minutes of all meetings of the board, was not called to explain the loss of the minutes, and to detail what business was transacted. She was the intimate friend of the plaintiff, and, according to respondent, was very active in bringing about the arrangement in question. But taking all of plaintiff's evidence at its face value, nowhere is it suggested that any resolution was adopted by the board of directors of the defendant authorizing any agreement with the plaintiff relating to the occupation of her farm, or the payment to her of any compensation whatever for its use. The only claim made is that the matter was discussed at several meetings. An informal discussion, however, will not take the place of a formal resolution of the board of directors.

The record is also barren of evidence showing that any authority was ever delegated to the secretary, or to any other officer, director or agent of the corporation, to enter into this alleged agreement with the plaintiff.

Plaintiff must be denied recovery for another reason. Section 47 of the Membership Corporations Law prescribes as follows: " No director or other officer of a membership corporation shall be interested, directly or indirectly, in any contract relating to the operations conducted by the corporation, nor in any contract for furnishing supplies thereto, unless authorized by the by-laws of the corporation, or by the concurring vote of two-thirds of the directors."

Plaintiff comes within the ban of this statute. She was both a director and an officer of the corporation. The by-laws do not authorize the making of a contract with any officer or director of the defendant, and it is not claimed or even suggested that any such authority was given by a resolution of the board which was concurred in by two-thirds of the directors.

If we were to assume that the defendant actually entered into the agreement in question with the plaintiff, it was a forbidden act. It was void at its inception. A void act is no act. (*Village of Fort Edward* v. *Fish*, 156 N. Y. 363, 373, 374; *Republican Art Printery, Inc.*, v. *David*, 173 App. Div. 726, 728.)

This is not the case of an *ultra vires* contract, where a corporation has received and retained the benefits of the agreement, and is denied the right to defend upon the ground that it had no authority to make the contract. (*Rider Life Raft Co.* v. *Roach*, 97 N. Y. 378, 381; *Whitney Arms Co.* v. *Barlow*, 63 id. 62, 69.)   Here we have an

illegal agreement, one which the statute forbids the defendant to make.

There is no estoppel or ratification here which will permit plaintiff to recover on this alleged agreement. It must constantly be borne in mind that there were no new benefits resulting to the corporation from this alleged lease with the plaintiff; there was no going into possession, as defendant had occupied the property since 1927; there was no change of position.

The act of Miss Foubister, the secretary of the defendant, in mailing a check of $500 to the plaintiff on March 13, 1931, accompanied by a letter stating that the payment constituted the first installment on the rent of her farm, is not a ratification of this alleged lease, so as to put the defendant in the same position as if it had originally been a party thereto.

To constitute a ratification of an agreement it must appear that what the party does was done with full knowledge of all the facts. There is no evidence here that the defendant had any knowledge of what Miss Foubister was doing. She had no authority to bind the corporation. Knowledge of her acts is not brought home to the board of directors of the company. Besides, plaintiff was in no way deceived or prejudiced by her action.

Furthermore, ratification relates back and is equivalent to some prior authority, and when the adoption of some form or procedure is necessary to confer the authority in the first instance, there can be no valid ratification except in the same manner. (Clark Corp. [3d ed.] 627.) There is no claim that what Miss Foubister did was with the approval of two-thirds of the directors of the corporation. Her unauthorized act does not operate as a confirmation of the so-called lease. (*Giebler Mfg. Co.* v. *Kranenberg*, 102 App. Div. 471.)

We think that the plaintiff has failed to establish her cause of action, and that the judgment should be reversed.

All concur.

Judgment and order reversed on the law, with costs, and complaint dismissed on the merits, with costs.