■ J. Patrick Barrett, Respondent, v New York Republican State Committee et al., Appellants. (Appeal No. 1.)— [625 NYS2d 769] Judgment unanimously reversed on the law without costs and motion denied. Memorandum: Supreme Court erred in granting plaintiff summary judgment for $260,000 against

defendant New York Republican State Committee (Committee), an unincorporated association, on three promissory notes payable to plaintiff and executed by defendant Lewis Bart Stone as Treasurer of the Committee. "[S]ince a voluntary, unincorporated association has no existence separate and apart from its members, an association is not liable on the contracts of its officers, agents, or individual members in the absence of prior authorization or ratification with full knowledge of the facts by its members" (6 NY Jur 2d, Associations and Clubs, § 7, at 331). The authority of a member or officer of an unincorporated association to bind the association "will not be presumed or implied from the existence of a general power to attend to or transact the business, or promote the objects for which the association was formed, except where the debt contracted is necessary for its preservation" *(McCabe v Goodfellow, 133 NY 89, 95-96; see, Martin v Curran, 303 NY 276, 280).* Once the authority of an agent is put in issue, it must be shown that the purported agent of the association had authority "to incur any obligation on [the association's] behalf" *(Wagner v Nichols, 5 AD2d 191, 194, lv and rearg denied 5 AD2d 979; see, McCabe v Goodfellow, supra, at 94-95).*

According to defendants, there are no records or minutes of an Executive or Finance Committee meeting authorizing the Committee to obtain a loan from plaintiff, and the custom and practice of the Committee in entering into a loan of the magnitude of $260,000 "would fall within the jurisdiction of the full State Committee or the Executive Committee or Finance Committee." Such assertions are undisputed by plaintiff, who offered no evidence that Stone was authorized by the Committee to execute the promissory notes on its behalf. Moreover, the fact that plaintiff, as then Chairman of the Committee, directed Stone to execute the promissory notes does not make the Committee liable. Plaintiff failed to show that Stone was authorized to execute the promissory notes, and that the debt was "necessary for [the Committee's] preservation" *(McCabe v Goodfellow, supra, at 96; see, Martin v Curran, supra; Wagner v Nichols, supra).*

Further, there is no evidence in the record that the Committee ratified the loan. "[R]atification relates back [to the agent's act] and is equivalent to some prior authority, and when the adoption of some form or procedure is necessary to confer the authority in the first instance, there can be no valid ratification except in the same manner" *(Knapp v Rochester Dog*

*Protective Assn.,* 235 App Div 436, 440). Plaintiff failed to present proof that the Committee ratified Stone's execution of the promissory notes "in the same manner" that was necessary to authorize the loan originally *(Knapp v Rochester Dog Protective Assn., supra,* at 440). (Appeal from Judgment of Supreme Court, Onondaga County, Nicholson, J.—Summary Judgment.) Present—Denman, P. J., Green, Fallon and Boehm, JJ.